5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Djinn FARRAR, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oin Glenn GROVE, Defendant-Appellant.
 Nos. 92-10510, 92-10511.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Sept. 16, 1993.
 
 Appeal from the United States District Court, for the District of Arizona, D.C. Nos. CR-91-00551-WDB, CR-91-00551-WDB; William D. Browning and Jack E. Tanner, District Judges, Presiding*.
 D.Ariz.
 AFFIRMED.
 Before: REAVLEY,** PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Djinn Farrar and Oin Glenn Oakstar Grove appeal their jury convictions in separate trials for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846; possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841; and assault on a federal officer in violation of 18 U.S.C. Sec. 111(a). We affirm.
 
 
 3
 A. Farrar Appeal.
 
 
 4
 (1) Confession. Farrar claims that his confession should have been suppressed because it was involuntary. Of course, any waiver of Miranda[1] rights and any confession must be voluntary. See Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 870, 116 L.Ed.2d 776 (1992). Moreover, the burden of persuasion is upon the government, United States v. Leon Guerrero, 847 F.2d 1363, 1365 (9th Cir.1988), and "[t]he test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." Id. at 1366. We have reviewed the evidence in this case and agree with the district court that Farrar's waiver and statements were not the product of an overborne will.
 
 
 5
 (2) Reconstruction Witness. Farrar claims that the district court should have granted a motion to appoint an accident reconstruction witness and should also have granted a continuance of the trial for that purpose. The district court's refusal to appoint an expert is reviewed for abuse of discretion. See United States v. Smith, 893 F.2d 1573, 1580 (9th Cir.1990); see also United States v. Tham, 960 F.2d 1391, 1396 (9th Cir.1991) (denial of a continuance is reviewed for abuse of discretion). Given the facts of this case, it appears highly unlikely that an accident reconstruction expert could have added much, if anything, to the jury's understanding of the evidence. Certainly, we cannot say that the lack of an expert resulted in what amounted to ineffective assistance of counsel. Smith, 893 F.2d at 1580. Therefore, this claim is without merit.
 
 
 6
 (3) Pomeroy Testimony. Soon after Farrar gave his taped confession, Mr. Robert Pomeroy, an attorney, met with him. Farrar sought to call Pomeroy to testify about Farrar's appearance, among other things. Farrar said that the testimony would be that he was in a state of shock and was seriously disturbed when Mr. Pomeroy saw him. It appears that the district court excluded that testimony because Pomeroy was not present at the confession itself. It seems that the court believed that the evidence was simply irrelevant. We disagree. The jury was entitled to hear evidence going to the voluntariness of the confession, so that it could assess the weight it would give to the confession. 18 U.S.C. Sec. 3501(a). See Crane v. Kentucky, 476 U.S. 683, 688, 106 S.Ct. 2142, 2145, 90 L.Ed.2d 636 (1986) (evidence regarding conditions goes to the probative weight of the confession). We see no grounds for saying that an individual's physical and emotional condition shortly after giving a confession are irrelevant to his condition at the time he gave it. However, we will reverse for an evidentiary error only if it "more likely than not affected the verdict." United States v. Chu Kong Yin, 935 F.2d 990, 994 (9th Cir.1991). That is not this case. Here the jury did have the tape of the confession itself. That tape would give the jury a wealth of aural information regarding the conditions under which the confession was given. Also, the independent evidence of Farrar's guilt was very strong. This is not a case that had to rise and fall on the confession alone. Therefore, we find that the district court did not commit reversible error.
 
 
 7
 (4) Superseding Indictment. Farrar asserts that he was entitled to a continuance because on the morning of trial the indictment was superseded to reduce one of the charges from assault with a deadly weapon to assault to impede and interfere with a border agent. We see no change that would have prejudiced Farrar's defense. He suggests that he needed time to show lack of an assault, but an assault was required in either event. The district court did not abuse its discretion.
 
 
 8
 (5) Marijuana Evidence. Farrar claims, in effect, that the marijuana evidence was not sufficiently authenticated because there was not sufficient proof of chain of custody. But the evidence need only be sufficient to allow a jury to find that what is presented in court is what it purports to be. See United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991). Because the officer who found the package of marijuana did not see his initials on it, he could not say beyond all doubt that what was at trial was what he found, although he was relatively certain that it was. However, the officer who received the package from the finder on the very day it was found did say it was the package he received. He was certain of that. Taken together, the testimony of the two officers was sufficient to allow admission of this evidence.
 
 
 9
 (6) Directed Verdict. Farrar contends that he was entitled to a directed verdict. "We decide, after reviewing the evidence in the light most favorable to the government, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Taren-Palma, 997 F.2d 525, 563 (9th Cir.1993). As we have already suggested, on this record there can be little doubt that the standard was met. Of course, we recognize that a person cannot be convicted on the basis of a confession alone, absent some independent corroborating evidence. See United States v. Lopez-Alvarez, 970 F.2d 583, 589-93 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 504, 121 L.Ed.2d 440 (1992). Here, however, there was plenty of corroboration, starting with Farrar's own actions when he rammed the agent's vehicle.
 
 
 10
 B. Grove's Appeal.
 
 
 11
 (1) Identification. Grove claims that his in-court identification by Border Patrol Agent Gonzalez should have been suppressed because there was an improper field identification. However, given Gonzalez' ample opportunity to view Grove during the incident, the fact that Gonzalez is a trained law enforcement officer who had good reason to scrutinize Grove carefully, the accuracy of Gonzalez' description of Grove before he saw him in custody, and Gonzalez' high level of certainty, we see no reason to overturn the district court's decision to admit the identification testimony. See United States v. Bagley, 772 F.2d 482, 491-94 (9th Cir.1985), cert. denied, 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986).
 
 
 12
 (2) Griffin Testimony. Grove presented an alibi defense and wished to call Ralph Griffin to testify that Grove was going to help him load rocks on the morning of the incident. Griffin's testimony might have been somewhat helpful in a tangential way. However, while it might have supported testimony about the reason Grove was in the area when he was arrested, that was fairly remote. The core of the defense was that Grove was not in the area when the crime took place, and Griffin's testimony did not go directly to that issue. In short, if the district court did err in excluding this testimony, the error was harmless.
 
 
 13
 (3) Farrar Testimony. By the time that Grove's trial started, Farrar's trial had finished. The government then immunized Farrar and wished to call him to testify against Grove. However, the government had information that Farrar would recant his confession and would seek to exculpate Grove if he could. The government recognized that if it questioned Farrar, he would give exculpatory testimony and it would then have to impeach him with his confession. It also recognized that we had declared that procedure improper and prejudicial. See United States v. Gomez-Gallardo, 915 F.2d 553, 555-56 (9th Cir.1990). Of course, the obvious basis of our decision in Gomez-Gallardo was that all impeaching testimony can do as a matter of law is cancel the contrary statement of the witness. Id. at 555. Thus, a witness like Farrar would only be called and impeached in the hope that the jury would be improperly prejudiced by considering that which it should not consider.
 
 
 14
 Faced with that, the government took a most unusual approach. It told the district court that it would like to call Farrar but that because of Ninth Circuit law it could not do so. It then let the district judge talk it into the belief that it could do so anyway. Testimony about Farrar's confession came in. Were that all there was to it, we would have to find error, perhaps even plain error. Id. at 556. It was not all.
 
 
 15
 This case took a different turn and proceeded down a very different path. Rather than ask Farrar questions regarding the substantive facts, the government asked him if he had said certain things to Border Patrol Agent Brown. Farrar said that he had. Although what Farrar had said to Brown was hearsay,[2] no hearsay objection was made. Thus, parts of Farrar's confession came into evidence and the government had no reason to impeach Farrar. Instead, the defense undertook to vigorously cross examine him. It impeached him. It also obtained testimony that his prior statements were not true and that he was biased when he gave them.
 
 
 16
 On appeal, Grove again claims that the rule explicated in Gomez-Gallardo was violated. It was not. True, the government and the district court were poised to violate that rule, but they did not do so. On the facts of this case, we find no reversible error.
 
 
 17
 AFFIRMED.
 
 
 18
 Circuit Judge PREGERSON dissents.
 
 
 19
 Reversible error exists.
 
 
 
 *
 Judge Browning heard the confession and identification suppression issues discussed in Part A(1) and Part B(1) of this disposition; Judge Tanner heard the remaining issues
 
 
 **
 Hon. Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)
 
 
 [2]
 It was, obviously, offered for the truth of the matter asserted. Fed.R.Evid. 801(c)